## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE WILDERNESS SOCIETY, *et al.*,

Plaintiffs,

v.

DAVID BERNHARDT, in his official
capacity as Secretary of the Interior, *et al.*,

Defendants.

Civil Action No. 20-1176 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Defendants, who include the Secretary of the Interior, the Bureau of Land Management

("BLM"), the U.S. Forest Service, and the Department of Agriculture, filed a Notice of Related

Case arguing that this action is related, under Local Civil Rule 40.5(a)(4), to three consolidated

cases previously pending before another Judge on this Court: *Voyager Outward Bound School, et*

*al. v. United States, et al.*, No 18-cv-1463 (TNM); *Wilderness Society, et al. v. Zinke, et al.*, No.

18-cv-1496 (TNM); and *Friends of the Boundary Waters Wilderness, et al. v. Bureau of Land*

*Management, et al.*, No. 18-cv-1499 (TNM) (collectively, "consolidated cases").  *See* Notice of

Related Case, ECF No. 33.[1]  That Rule states that cases "shall be deemed related where a case is

dismissed, with prejudice or without, and a second case is filed involving the same parties and

relating to the same subject matter."  LCvR 40.5(a)(4).  Plaintiffs object, contending that this

case and the consolidated cases are not related "because those cases were disposed of on

summary judgment, not dismissal, and do not involve the same parties or relate to the same

subject matter."  Objection to Notice of Related Case at 1, ECF No. 34.

---

[1]    The remaining defendants are Gary Torres, Acting Eastern States Director for BLM; Casey Hammond, Acting Assistant Secretary for Land Minerals Management for U.S. Department of the Interior; Dean Gettinger, District Manager for the Northeastern States District for BLM; the Department of the Interior; and Victoria Christiansen, Chief of the U.S. Forest Service, and all are sued in their official capacities.

Indeed, not one of the requirements of Local Rule 40.5(a)(4) is met.  The instant case and the consolidated cases are not related, and random re-assignment of this case was proper.[2]

## I.        LEGAL STANDARD

As a general rule, new cases are randomly assigned.  *See* LCvR 40.3(a).  Random assignment "ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping."  *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000); *see also Trump v. Comm. on Ways & Means, U.S. House of Representatives,* 391 F. Supp. 3d 93, 97 (D.D.C. 2019) ("Scrupulous adherence to Local Rule 40.5 is important 'to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis.'" (quoting *Tripp*, 196 F.R.D. at 202)).

The two exceptions to this general rule for related civil cases are found in Local Civil Rule 40.5.[3]  Under the first exception, which serves "the interest of judicial economy," *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016), civil cases "are deemed related when then the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent."  LCvR 40.5(a)(3).  Under the second, narrower, exception, which is at issue here, civil cases are related where (1) a case is dismissed, with prejudice or without, and (2) a second case is filed (a) involving the same parties *and* (b) relating to the same subject matter.  *See* LCvR 40.5(a)(4).  This second exception "has

---

[2]        This case was randomly reassigned to the undersigned on May 29, 2020, after the original Judge recused due to a conflict.  *See* Reassignment of Civil Case, ECF No. 36.

[3]        Rule 40.5 also contains exceptions to random assignment for related criminal cases, *see* LCvR 40.5(a)(1), and for civil forfeiture proceedings concerning defendants in pending criminal cases, *id.* 40.5(a)(2).

been interpreted strictly; a subsequent case may be 'related' only where it involves the same

subject matter as the original case and is filed by 'identical parties, not parties in interest.'"

*Judicial Watch, Inc. v. Rossotti*, No. 02-cv-928 (RCL), 2002 WL 31100839, at *1 (D.D.C. Aug.

2, 2002) (quoting *Thomas v. Nat'l Football League Players Assoc.*, 1992 WL 43121, at *1

(D.D.C. Feb. 18, 1992)).  This exception is strictly interpreted because it is aimed at a specific

type of manipulation of the ordinary rule of random assignment: shopping for a judge by refiling

a previously dismissed action.

   "The party requesting the related-case designation bears the burden of showing that the

cases are related under Local Civil Rule 40.5."  *Singh*, 187 F. Supp. 3d at 155.  This burden is

"heavy," as "[d]eviating from th[e] foundational principle" of random assignment "is appropriate

only if the relationship between the . . . cases is certain."  *Dakota Rural Action v. Dep't of Agric.*,

18-cv-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019).  "The judge to whom a case

is assigned resolves any objection to a related-case designation."  *Id.*; *see also* LCvR 40.5(c)(3).

## II.   DISCUSSION

   To satisfy their burden of showing that this case is related to the consolidated cases,

defendants must show (1) that the consolidated cases were dismissed and (2) that this case

(a) "involve[es] the same parties" and (b) "relat[es] to the same subject matter" as the

consolidated cases.  LCvR 40.5(a)(4).  The earlier cases were not "dismissed" as that term is

used in Local Rule 40.5, and the cases do not involve the same parties or relate to the same

subject matter.  Accordingly, this case is not related to the consolidated cases.

   To start, the consolidated cases were not "dismissed, with prejudice or without."  LCvR

40.5(a)(4).  A motion to dismiss the consolidated cases was denied, and summary judgment was

entered for defendants.  *See Voyageur Outward Bound School v. United States*, No. 18-cv-1463

(TNM), 2020 WL 1275795, at *16 (D.D.C. March 17, 2020), *appeals docketed*, Nos. 20-5097,

3

20-5098, 20-5099 (D.C. Cir.).  Contrary to defendants' view, *see* Notice of Related Case at 2

(arguing that the "ruling on Summary Judgment in the Consolidated Cases is a dismissal with

prejudice"), such a disposition does not constitute a dismissal, at least when that term is

"interpreted strictly," *Judicial Watch, Inc.*, 2002 WL 31100839, at *1.  For example, the Federal

Rules of Civil Procedure use the term dismiss only when referring to disposition of a case before

the court reaches the merits.  *See, e.g.*, FED. R. CIV. P. 12, 41; *see also Dismissal*, Black's Law

Dictionary (11th ed., 2019) ("Termination of an action, claim, or charge without further hearing,

esp. before a trial.").  For dispositions on the merits, including entry of summary judgment, the

Rules use "judgment," or "verdict."  *See, e.g.*, FED. R. CIV. P. 56 ("Summary Judgment"); FED.

R. CIV. P. 48.  In short, Local Rule 40.5(a)(4) cannot apply here because the consolidated cases

were disposed of on the merits, not dismissed.

Local Rule 40.5(a)(4) also cannot apply because this case and the consolidated cases do

not involve the same parties or relate to the same subject matter.  As already stated, here, the

phrase "the same parties" means "identical parties."  *Judicial Watch, Inc.*, 2002 WL 31100839,

at *1 (quoting *Thomas*, 1992 WL 43121, at *1) (deeming a case not related because "[t]he parties

here are not identical").  The instant case and the consolidated cases have identical plaintiffs but

slightly different defendants, a divergence that stems from the difference in the claims.[4]  While

---

[4]      The plaintiffs are Wilderness Society, Izaak Walton League of America, Center for Biological Diversity,
Friends of the Boundary Waters Wilderness, Northeastern Minnesotans for Wilderness, Ely Outfitting Company &
Boundary Waters Guide Service, Hungry Jack Outfitters, Northstar Canoe, Piragis Northwoods Company, Inc.,
River Point Resort and Outfitting Company, Sawbill Canoe Outfitters, Inc., Voyageur Outward Bound School,
Wenonah Canoe, Inc., and Women's Wilderness Discovery.  *Compare* Compl., ECF No. 1, *with*, Civil Docket for
Case No. 18-cv-1463 (TNM).
       The defendants in this case, as already stated, are the Department of the Interior, the Secretary of the
Interior, BLM, U.S. Forest Service, the Department of Agriculture, Gary Torres, Casey Hammond, Dean Gettinger,
and Victoria Christiansen.  *See* Compl.  The defendants in the consolidated cases are the United States, the
Department of the Interior, the Secretary of the Interior, BLM, Brian Steed, a BLM official, and three other officials
not named as defendants in this suit.  *See* Civil Docket for Case No. 18-cv-1463 (TNM).  Twin Metals and
Franconia Minerals intervened as defendants in the consolidated cases, *see* Minute Order (June 28, 2018), *Voyageur
Outward Bound School,* Case No 1:18-cv01463-TNM, and have moved to intervene in this case, *see* Twin Metals
Minnesota LLC's and Franconia Minerals (US) LLC's Mot. to Intervene and Mem. of Law in Supp., ECF No. 35.

both this case and the consolidated cases challenge actions by the BLM, this case also challenges actions by the U.S. Forest Service and the Department of Agriculture that were not at issue in the consolidated cases.  As a result, this case involves additional defendants — the U.S. Forest Service, its Chief, and the Department of Agriculture.

The fact that the parties are not identical highlights that the cases do not involve "the same subject matter."  LCvR 40.5(a)(4).  The consolidated cases and this case both concern mineral rights leases MNES 01352 and MNES 01353, *see* Compl. at ¶ 67; *Voyageur Outward Bound School*, 2020 WL 1275795, at *1, but the consolidated cases challenged BLM's authority, exercised in a 2018 action, to reverse an earlier decision to let the leases expire, *Voyageur Outward Bound School*, 2020 WL 1275795 at *2, while this case challenges a later BLM environmental analysis of the lease renewals as well as the U.S. Forest Service's approval of stipulations attached to the renewed leases, *see* Compl. at ¶ 1.  The challenged environmental analysis occurred in May 2019, *see* Compl. ¶ 7, after the consolidated cases were filed, *see* Minute Order (July 25, 2018), *Voyageur Outward Bound School*, No. 18-cv-1463 (TNM).  The U.S. Forest Service, which, again, was not a defendant in the consolidated cases, also approved the lease stipulations after the consolidated cases were filed.  *See* Compl. ¶ 10; *see also* Objection to Notice of Related Case at 5.  In addition, the consolidated cases involved claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, that BLM acted outside its authority, *see* 5 U.S.C. § 706(2)(C); *see also Voyageur Outward Bound School*, 2020 WL 1275795 at *2, but the only APA claim in this case is against the U.S. Forest Service, for action alleged to be "arbitrary[ and] capricious," 5 U.S.C. § 706(2)(A); *see also* Compl. ¶ 10. Meanwhile, this suit claims that BLM violated the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*  The consolidated cases and this case thus involve different actions, different

agencies, and different legal claims.  They therefore do not "relate to the same subject matter." LCvR 40.5(a)(4); *see, e.g.*, *Washington All. of Tech. Workers v. Dep't of Homeland Sec.*, No. 16-cv-1170 (ESH), 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (deeming cases not related because they challenged two different agency rules and involved different types of challenges).

Defendants acknowledge that the consolidated cases involved a question of "the government's authority," while this case is about "the terms and environmental analysis of the lease renewals."  Notice of Related Case at 2.  Yet, defendants insist that the "significant factual overlap between the Consolidated Cases and the instant case," along with the "functional[]" resemblance in the parties, is sufficient to make the cases related under Local Rule 40.5(a)(4). *Id.*  As already explained, defendants exaggerate the overlap.  Defendants also mischaracterize the rule as requiring only "functionally identical" parties and "significant factual overlap."  *Id.*

Loosening the rule's standard as defendants suggest would have the perverse effect of facilitating, rather than foiling, judge shopping.  Recall that Local Rule 40.5(a)(4) was designed to disincentivize dismissing, and then refiling, a case in search of a more desirable judge.  Yet a rule relating new cases to merely similar dismissed cases would likewise encourage previously successful parties to shoehorn subsequent suits into the related case rule to get before the original, favorable judge.  Any marginal efficiency gained by such a rule would be outweighed by the negative effects, including the "appearance of judge-shopping or favoritism in assignments."  *Tripp*, 196 F.R.D. at 202; *cf. Washington All. of Tech. Workers*, 2016 WL 11184186, at *2 ("This is simply not an instance where the similarities between cases are so pronounced that the interest in judicial economy becomes paramount.").  Local Rule 40.5(a)(4)'s requirements must be "interpreted strictly" to avoid this distortion of its purposes.  *Judicial Watch, Inc.*, 2002 WL 31100839, at *1.

### III.     CONCLUSION

Defendants have failed to satisfy their burden of showing that (1) that the consolidated cases were dismissed and (2) that this case (a) "involve[es] the same parties" and (b) "relat[es] to the same subject matter" as the consolidated cases.  LCvR 40.5(a)(4).  The earlier cases were not "dismissed" as that term is used in Local Rule 40.5, and the cases do not involve the same parties or relate to the same subject matter.  Accordingly, this case is not related to the consolidated cases.  Random re-assignment of this case was proper.

Date:  June 2, 2020

_____
BERYL A. HOWELL
Chief Judge